IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RALPH WILSON LINGO, #190083,     )
                                 )
            Petitioner,          )
                                 )
    v.                           )      CASE NO. 2:13-CV-246-TMH
                                 )              [WO]
                                 )
LEON FORNISS, et al.,            )
                                 )
            Respondents.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas

corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on April 16, 2013.[1]

In this petition, Lingo challenges a conviction for criminal conspiracy to commit second

degree arson imposed upon him on September 25, 2003 by the Circuit Court of Barbour

County, Alabama.

## II.  DISCUSSION

A review of the records of this court establishes that Lingo filed a previous habeas

petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the

---

[1] The Clerk stamped the instant habeas petition "received" on April 18, 2013.  Nevertheless, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  The documents filed herein indicate that Lingo presented this habeas petition to prison officials for mailing on April 16, 2013.  *Petition for Habeas Corpus Relief - Doc. No. 1* at 14.  In light of the foregoing, the court considers April 16, 2013 as the date of filing.

conspiracy conviction made the basis of the instant petition.  *Lingo v. Jones, et al.*, Case No. 2:08-CV-142-WKW-CSC (M.D. Ala. 2010).  In this prior habeas action, the court denied Lingo relief from his 2003 Barbour County conviction because he failed to file the petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). Lingo did not appeal this judgment.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).  Although this court dismissed Lingo's prior habeas action on statute of limitations grounds, such dismissal constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3).  *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir.

2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" in order to receive requisite authorization from appellate court to file successive habeas petition in district court); *Murray v. Grenier*, 394 F.3d 78, 81 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders [any] future petitions under § 2254 challenging the same conviction 'second or successive' petitions...."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the ... substantive claims[,]" and, therefore, the petitioner needs the appellate "court's permission to file another petition."); *Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003), *cert. denied* 542 U.S. 928, 124 S.Ct. 2895 (2004) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Garrett v. Quarterman*, 2008 WL 2168808 (N.D. Tex. 2008) (dismissal of previous habeas petition as untimely is the type of procedural ruling that renders later-filed habeas petition successive); *Motley v. Sullivan*, 2008 WL 938952 (N.D. Cal. 2008) (when previous habeas petition is dismissed as untimely, petitioner must first obtain permission from appropriate appellate court prior to filing a second or successive petition); *Bridgewater v. Scriben*,

2007 WL 2262760 (S.D. Cal. 2007) (dismissal of prior habeas petition as untimely renders subsequent petition challenging same conviction second or successive); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (dismissal of petition on limitations grounds "is considered an adjudication of the merits for purposes of determining whether a petition is successive under [28 U.S.C. § 2244(b)].").

It is clear from the pleadings filed in this case that Lingo has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Lingo's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo on April 16, 2013 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28

U.S.C. § 2244(b)(3)(A) as Lingo has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[2]

It is further

ORDERED that **on or before May 21, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

---

[2]The court finds that there are no circumstances present to warrant either a transfer or stay of this case.  *See Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

down prior to the close of business on September 30, 1981.

Done this 7th day of May, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE